IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUAN FITZGERALD ALLEN-BEY,  )
                                        )
          Plaintiff,              )
                                        )
          v.                      )     1:15CV602
                                        )
SONJA SCHMIT, et al,             )
                                        )
          Defendant(s).    )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does make sufficient factual allegations against the named Defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff claims that the named Defendants either made mistakes with or are misinterpreting paperwork to extend his sentence. However, Plaintiff's allegations are not clear as to exactly what each Defendant allegedly did that violated Plaintiff's rights or how they are misconstruing the paperwork.

2. Plaintiff seeks his release from custody, which is not available as relief under § 1983. He claims that his sentences have been somehow miscalculated. Such a claim would have to be raised in a habeas corpus action under 28 U.S.C. § 2254 after Plaintiff exhausts any available remedies in the state courts. Plaintiff must exhaust his state remedies claims before this Court can consider granting any habeas relief.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new action on the proper forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). If Plaintiff wishes to file under § 2254 in order to seek his release, he should request the proper forms after exhausting his remedies in the state courts.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new action, on the proper forms, which corrects the defects cited above.

This, the 31st day of July, 2015.

Joe L. Webster
United States Magistrate Judge